UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**JOSEPH JOHN WILKINS,**

    **Plaintiff,**

v.                                                 Case No. 5:23-cv-487-WFJ-PRL

**MRS. BENTON and MATHEW BENTON,**

    **Defendant.**

_____

## ORDER

Plaintiff, proceeding *pro se*, has been granted leave to proceed *in forma pauperis*. (Doc. 6). The Prison Litigation and Reform Act (PLRA) directs the Court to dismiss a case if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune to such relief. *See* 28 U.S.C. §§ 1915A, 1915(e)(2). The Court must liberally construe a *pro se* Plaintiff's allegations. *Haines v. Kerner*, 404 U.S. 519 (1972); *see also Miller v. Stanmore*, 636 F,2d 986, 988 (5th Cir. 1981).

In his Complaint, filed pursuant to 42 U.S.C. § 1983, Plaintiff sues his former neighbors Mrs. Benton and Mathew Benton, for filing a "false" police report related to a stolen truck. (Doc. 1 at 4–5, 12–13). Plaintiff claims that he was in the process of purchasing a truck from Mathew Benton and had permission to use the vehicle when the Benton's reported that truck as stolen. *Id*. at 12–13. Plaintiff was subsequently

arrested for grand theft of a motor vehicle and was held in jail, without bond, for 28 months. *Id.* at 13. Plaintiff claims that the charge was eventually dropped. *Id.*

Plaintiff's case is due to be dismissed for failure to state a claim. The Defendants are not state actors for purposes of suit under § 1983. "To obtain relief under § 1983, [a party] must show that he was deprived of a federal right by a person acting under color of state law." *Patrick v. Floyd Medical Center*, 201 F.3d 1313, 1315 (11th Cir. 2000). Only in rare circumstances may a private party be viewed as a state actor for purposes of liability under § 1983. To hold that private parties are state actors, this Court must conclude that one of the following conditions is met: (1) the state coerced or at least significantly encouraged the action alleged to violate the Constitution (state compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the state (public function test); or (3) the state had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test). *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 341, 1347 (11th Cir. 2001). Even liberally construed, the allegations in the Complaint do not suggest that Plaintiff could meet any of those tests.

Without an underlying federal claim, this Court does not have diversity jurisdiction over any state law claims Plaintiff may wish to assert against Defendants.

Accordingly, it is

**ORDERED**:

1. This case is **DISMISSED** without prejudice for failing to state a claim upon which relief can be granted. Such dismissal counts as a "strike" for the purposes

of the three-strikes provision of the PLRA, 28 U.S.C. § 1915(g).

2. The **Clerk of Court** is directed to terminate any pending motions, close this case, and enter judgment accordingly.

**DONE** and **ORDERED** in Tampa, Florida on August 25, 2023.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Pro Se Plaintiff